IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ROY L. EARHART, JR.,            )
                                )
            Plaintiff,          )
                                )
v.                              )   Case No. CIV-12-355-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )

**OPINION AND ORDER**

Plaintiff Roy L. Earhart, Jr. (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on June 24, 1982 and was 28 years old at the time of the ALJ's decision. Claimant completed his education through the tenth grade. Claimant has worked in the past as a quarry worker, cashier, and delivery truck driver. Claimant alleges an inability to work beginning June 1, 2008 which was amended at the administrative hearing to December 31, 2010 due to limitations resulting from congenital absence of the fingers of his left hand

and a hypoplastic thumb on the left hand.

**Procedural History**

On December 31, 2009, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On February 22, 2011, an administrative hearing was conducted before ALJ Osly F. Deramus in McAlester, Oklahoma. On April 11, 2011, the ALJ issued an unfavorable decision. On June 26, 2012, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform his past relevant work as a cashier II.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to perform a proper step four determination; and (2) failing to perform a proper credibility analysis.

**Step Four Evaluation**

In his decision, the ALJ found Claimant suffered from the severe impairment of congenital deformity of the left hand. (Tr. 16). The ALJ determined Claimant retained the RFC such that Claimant could lift and/or carry 20 pounds occasionally and 10 pounds frequently, could stand and/or walk for 6 hours in an 8 hour workday, could sit 6 hours in an 8 hour workday but he could not grasp or perform fine manipulations with his left hand. (Tr. 17). After consultation with a vocational expert, the ALJ found Claimant could perform his past work as a cashier II. (Tr. 20).

Claimant contends the ALJ's hypothetical did not reflect his impairments with precision. In his questioning of the vocational expert, the ALJ first established Claimant's past relevant work as a cashier II was at the light exertional level, unskilled, with an SVP of 2 and found in the *Dictionary of Occupational Titles* ("DOT") at 211.462-010. (Tr. 45). The ALJ then asked a series of hypothetical questions, asking in the first for the vocational expert to assume the person can perform no greater than light work and "cannot grasp or finger with the left arm - - left hand." Id. The vocational expert testified that the person could still perform Claimant's past relevant work as a cashier II. (Tr. 46). In the second hypothetical, the ALJ maintained a light work restriction,

5

with a person who "cannot grasp or finger with the left hand and can occasionally stoop, crouch, crawl, kneel, balance; occasionally climb stairs, cannot climb ladders." The vocational expert responded in stating the person could perform the cashier II position. Id.

In a third hypothetical, the ALJ restricted the person to the same limitations but at a sedentary level. Id. The vocational expert stated the person could not perform Claimant's past relevant work. Id.

The job of Cashier II as defined by the DOT and its companion volume *Selected Characteristics of Occupations Defined in te Revised DOT* ("SCO") requires frequent reaching, handling, and fingering as physical demands of the occupation. DOT #211.462-010; SCO at 333. According to Appendix C of the SCO, a frequent physical demand component is defined as existing from one-third to two-thirds of the time. Nothing in either the DOT or the SCO requires bilateral handling or fingering as a component of the Cashier II position. Additionally, the vocational expert explained his finding with regard to the Cashier II position in stating it did not require bilateral manual dexterity. (Tr. 49). As such is the case, this Court cannot conclude that the vocational expert's testimony conflicts with the DOT. See Calip v. Astrue, 2009 WL 113011, 6-7

(W.D. Okla.); Poppa v. Astrue, 569 F.3d 1167, 1174 (10th Cir. 2009). Moreover, Claimant ignores the fact that the restrictions in the use of his left hand - his non-dominant hand - has existed since birth and he performed the job of cashier with this limitation. (Tr. 31). This Court attributes no error in this area.

**Credibility Determination**

Claimant suggests the ALJ's credibility findings were erroneous. The ALJ found that Claimant's lack of prescription pain medication considering his complaints concerning back, neck, and right shoulder pain reflected adversely upon his credibility. (Tr. 18). Claimant contends the ALJ is incorrect in this finding. The ALJ did recognize Claimant was prescribed muscle relaxants and an anti-inflammatory drug. He did, in fact, recognize the use of this medication. (Tr. 18). The argument from Claimant's perspective appears to center around whether the muscle relaxant should be considered a pain medication. The facts indicate he received a muscle relaxant and not a strictly construed prescription pain medication. This Court finds no error in the ALJ's reliance upon this fact in assessing Claimant's credibility. Additionally, while the testimony reveals the muscle relaxants did make Claimant tired and drowsy as a side effect, he did not seek to resolve the problem with his medical provider by obtaining alternative medication. He

simply quit taking the medication. The ALJ did not err in considering this action.

The ALJ also relied upon the fact that Claimant worked as a rock stacker after filing his initial application. (Tr. 19). The vocational expert testified that this work was classified as heavy, unskilled work. (Tr. 45). This evidence was relevant to the ALJ's credibility determination since Claimant originally claimed an onset date which predated the quarry work and only amended the date at the hearing. It was not improper for the ALJ to consider this fact brought to the proceedings by Claimant in assessing his credibility.

Claimant also asserts error in the ALJ's consideration of his past drug use. The ALJ only references the past "illicit drug use" which he recognizes occurred between age 16 and 2008 in connection with the veracity of facts related to this period. (Tr. 19). This reliance was not inappropriate considering the limitations in application.

Claimant also contends the ALJ should not have used that fact he did not consistently seek medical treatment when he could not afford it as basis to diminish his credibility. The evidence indicates Claimant did seek treatment at a free clinic but the clinics were booked up. (Tr. 40). The treatment was available albeit in a delayed fashion. The ALJ did not err in considering this fact.

8

The ALJ also noted Claimant engaged in a wide range of daily activities. It was not erroneous to consider the nature and extent of Claimant's activities in assessing his credibility in contending he could not engage in work activity.

The remainder of Claimant's briefing centers on the fact no doctor found he could work on a full time basis or that he exaggerated the extent of his limitations. These facts have little bearing on the ALJ's duty to independently assess Claimant's credibility. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has

9

received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. The ALJ fulfilled his duty to affirmative link his credibility findings to the medical record.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds that the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 20th day of March, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE